IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSEFA GABREL EGZIABHER, JR.                                                        PLAINTIFF

v.                         Civil No. 5:22-cv-05159-TLB-MEF

SERGEANT WHITE,
Fayetteville Police Department (FPD);
JOHN DOE OFFICER #1, FPD;
JOHN DOE OFFICER #2, FPD; and
JOHN DOE OFFICER #3, FPD                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action brought by Plaintiff pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A(b).  Pursuant to § 1915A(b), the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.        BACKGROUND**

According to the allegations of the Complaint (ECF No. 1), while Plaintiff was incarcerated in the Washington County Detention Center ("WCDC"), he signed his property out to Christy Toney ("Toney").  *Id.* at 4.  As a result of his signing over his property, Toney took possession of Plaintiff's 2003 white BMW passenger vehicle, license plate 457ZXE.  *Id.* & 6.  The vehicle

contained approximately $2,000 worth of clothes and tools.  *Id.* at 12.

On May 17, 2021, John Doe Officer #1 of the Fayetteville Police Department ("FPD"), came to the WCDC to take a report from Plaintiff.  (ECF No. 1 at 4).  Plaintiff attempted to report his vehicle as stolen.  *Id.*  After taking Plaintiff's verbal report, and even though the vehicle was legally registered in his name, Plaintiff asserts that John Doe Officer #1 refused to file a stolen property report.  *Id.* at 5.  Plaintiff was advised that the "issue" was "civil" and not "criminal."  *Id.*  When he bonded out on May 21, 2021, Plaintiff was again told it was a civil matter.  *Id.*  Plaintiff does not attribute this statement to any of the Defendants.

Plaintiff believes he was treated in this manner because of the color of his skin and his indigency.  (ECF No. 1 at 9).[1]  He believes the refusal to report his property as stolen was out of "extreme racial bigotry, hatred, and discrimination."  *Id.* at 6.

On June 4, 2021, at an apartment complex in Fayetteville, John Doe Officers #2 and #3, responded to a call for a civil stand by while Plaintiff attempted to retrieve the vehicle.  (ECF No. 1 at 6).  When the officers arrived, Plaintiff alleges he presented them with his Arkansas state registration, insurance policy, proof of assessment, and his identification.  *Id.*  Plaintiff alleges he called his insurance company, to which he had reported his vehicle stolen, and was told a tow truck would be sent.  *Id.* at 8.  Plaintiff says his cell phone then went "dead."  *Id.*

At this point, Plaintiff asserts that John Doe Officers #2 and #3 were called by Sergeant White and advised to instruct the Plaintiff that if he did not leave the apartment complex, he would be charged with criminal trespass.  (ECF No. 1 at 8).  Plaintiff indicates he was not going to leave until he took possession of his vehicle.  *Id.*  As Sergeant White and John Doe Officers #2 and #3

---

[1] This statement appears in Plaintiff's prayer for relief.

2

knew Plaintiff's insurance company had called a tow truck, Plaintiff alleges Defendants called a "mock tow truck and tricked" him. *Id.* When a tow truck arrived, John Doe Officers #2 and #3 are alleged to have advised that driver that "he wouldn't get involved if he were him, as this is a civil matter." *Id.* at 12. Plaintiff alleges the tow truck driver "played along with the game." *Id.* Plaintiff indicates he was made to leave without his vehicle. *Id.* After he charged his phone, Plaintiff says he received a call from the tow truck company. *Id.* Plaintiff then contacted his insurance company and was told they had not dispatched the tow truck company in question. *Id.*

Plaintiff alleges the Fayetteville police assisted Toney in stealing his property. (ECF No. 1 at 13). Plaintiff indicates he has never received his property back. *Id.* at 14. Plaintiff believes that if his and Toney's roles had been reversed he would have been taken to jail and criminally charged. *Id.* at 9 and 13.

As relief, Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 9). He requests the Court to investigate this matter; appoint him counsel; give him all his property back; and identify and terminate the responsible officers. *Id.*

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather

3

than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly* (*Twombly*), 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

"[F]ederal courts are not entrusted with the responsibility of ensuring the effective enforcement of state criminal laws; that role falls to state and local law enforcement authorities. It is the duty of executive officials 'not the courts' to take care that the criminal laws are faithfully

executed." *Jennings v. City of Stillwater*, 383 F.3d 1199, 1205 (10th Cir. 2004) (*citing* U.S. Const., art. II, § 3; *Morrison v. Olson*, 487 U.S. 654, 690 (1988)). "Private citizens have no constitutional or other right to a criminal investigation, nor any judicially-cognizable interest in the prosecution or non-prosecution of another." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Frison v. Zebro*, 339 F.3d 994, 998-1000 (8th Cir. 2003) (rejecting a § 1983 claim based on the violation of a criminal statute). Likewise, victims of crime lack any legal right to compel criminal prosecution or to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

To the extent Plaintiff seeks to assert an Equal Protection claim, he fails. Plaintiff alleges he signed his property over to Toney. He then sought to report his vehicle as stolen. To state a plausible Equal Protection claim, facts must be alleged suggesting the Plaintiff was treated differently from similarly situated individuals based on a suspect classification or a fundamental right, or without a rational basis for the disparate treatment. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815-16 (8th Cir. 2008); *Nolan v. Thompson*, 521 F.3d 983, 989-90 (8th Cir. 2008). In other words, "[t]he Equal Protection Clause requires the government to treat similarly situated persons similarly, and dissimilar treatment of those not similarly situated does not result in an equal protection violation." *Ricketts v. City of Columbia, Mo.*, 36 F.3d 775, 781 n. 2 (8th Cir. 1994). Plaintiff has pleaded no facts suggesting the Defendants intentionally treated him differently than other similarly situated individuals. No plausible Equal Protection claim has been stated.

### IV. CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of August 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE